```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


 JUDY SMITH, individually      )
 and as Special                )
 Administrator of the Estate   )
 of Ronald Smith, deceased,    )
                               )
              Plaintiff,       )
      v.                       )   No. 06 C 3759
                               )
 CATERPILLAR, INC. et al.,     )
                               )
              Defendants.      )
```

ORDER

The motion by Sprinkmann Sons Corporation of Illinois ("Sprinkmann") to transfer this case to the U.S. District Court for the Central District of Illinois is DENIED for the reasons stated below.

STATEMENT

In July 2006, Judy Smith ("Plaintiff") sued two individuals and several entities that designed, manufactured, sold, and/or installed products containing asbestos. She alleges that the Defendant entities are responsible for the asbestos to which her husband, Ronald Smith ("Decedent"), was exposed at job sites in Illinois and Indiana. Plaintiff also alleges that the two individual Defendants and two entities conspired to deprive victims like Decedent from recovering for his asbestos-related injuries.

About six months after the complaint was filed, this case was transferred to the U.S. District Court for the Eastern District of Pennsylvania as part of *In re Asbestos Products Liability Litigation*, MDL No. 875 (E.D. Pa.).

On June 10, 2014, the MDL court issued a conditional remand order reporting that this case is ready for a trial on the merits. *See* Dkt. No. 314 (noting, however, that Plaintiff's punitive damages claim has been severed and retained by the MDL court). It is not immediately apparent from the MDL docket how many Defendants in addition to Sprinkmann remain in this case.

About two months after the remand, Sprinkmann moved to transfer this case to the Central District of Illinois.

I.

I may transfer a civil case to any district where it could have been filed when "the convenience of the parties and witnesses" and "the interest[s] of justice" weigh in favor of a transfer. 28 U.S.C. § 1404(a).

> With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof.
>
> The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity

2

> with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy. The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result.

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted).

The movant, Sprinkmann, "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

"The most important Section 1404(a) factor is whether the convenience of the parties and witnesses favors transfer." *Body Science LLC v. Boston Scientific Corp.*, 846 F.Supp.2d 980, 992 (N.D. Ill. 2012). Here, this factor points in multiple directions.

Plaintiff lived in Kentucky at the time she filed suit, so her decision to litigate in this Court is entitled to less deference than if she had filed suit in her home state. *Id*. The fact that Plaintiff's counsel is based in Chicago "is not an appropriate factor to consider when evaluating transfer." *Id*. at 993.

The three job sites where Decedent was allegedly exposed to asbestos are located in the Central District of Illinois; the Southern District of Illinois; and the Northern District of Indiana, respectively. *See* Compl. at Ex. B. Plaintiff intends to call three Indiana residents who worked with Decedent at these job sites and reside within this Court's subpoena range.[1] Decedent's two treating physicians, on the other hand, live in Tennessee. *See* Def.'s Ex. B at ¶ 6.

Sprinkmann is a dissolved corporation whose corporate office was located in the Central District of Illinois. The company says it may call witnesses at trial who live in the Central District of Illinois and the District of Arizona. *See* Def.'s Mot. at 4. However, Sprinkmann's burden in a motion to transfer is to "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony [will be]." *Heller Fin., Inc. v. Midwhey Powder Co., Ind.*, 883 F.2d 1286, 1293 (7th Cir. 1989). The witness list attached to Sprinkmann's reply brief--which describes the subjects its witnesses may testify about at a high level of generality--falls short of meeting this burden. *See id.* at 1293-94 (affirming denial of motion to transfer where movant

---

[1] I take no position at this time on Sprinkmann's contention that one of Plaintiff's fact witnesses, Barry Hammonds, should be barred from testifying pursuant to an order entered by the MDL court on April 1, 2013. *See* Dkt. No. 263.

4

"supplied nothing in the way of affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony").

In short, the parties, witnesses, and materials events in this case are located all over the map. This Court is a more convenient forum for Plaintiff and her witnesses, with the exception of two treating physicians. On the other hand, Sprinkmann argues that the Central District of Illinois would be a more convenient forum for the company and its witnesses, but fails to provide factual support for this contention. "Where [as here] the balance of convenience is [at best] a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation*, 626 F.3d at 978.

II.

Sparkmann's motion to transfer is DENIED for the reasons stated above.

                                **ENTER ORDER:**

                                */s/ Elaine E. Bucklo*
                                **Elaine E. Bucklo**
                              United States District Judge

Dated: December 9, 2014